```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
DESMOND DEVARR GRIER,                 :
                                      :
        Petitioner,                   :   Civ. No. 15-6498 (NLH)
                                      :
    v.                                :   OPINION
                                      :
RAYMOND SKRADZINSKI,                  :
                                      :
        Respondent.                   :
_____:

APPEARANCES:
Desmond Devarr Grier
Salem County Correctional Facility
125 Cemetery Rd.
Woodstown, NJ 08098
    Petitioner Pro se

HILLMAN, District Judge

   Petitioner Desmond Devarr Grier, an individual being held at the Salem County Correctional Facility in Woodstown, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his detention. This case was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 3). However, on or about October 14, 2015, Petitioner submitted an application to proceed in forma pauperis (ECF No. 4) and the case was reopened for judicial review.

   The Court finds Petitioner's in forma pauperis application to be complete. At this time the Court will review the Petition

pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed without prejudice.

I. BACKGROUND

Based on the allegations of the Petition, it appears that Petitioner was arrested on July 10, 2015. (Pet. 2, ECF No. 1). However, Petitioner does not indicate whether he is a pretrial detainee or a convicted prisoner. Rather, he defines himself as "other" and explains that he "was arrested for a case that was dismissed[.]" (Pet. 1, ECF No. 1). Specifically, Petitioner contends that his case was dismissed on July 15, 2015 and that both the judge and the bailiff acknowledged this dismissal. (Pet. 6-7, ECF No. 1). Accordingly, Petitioner believes he should have been released and he asserts that he is being held without his consent. Petitioner states that he asked the arresting officer and his supervisor to produce the warrant which resulted in his arrest; however, no warrant has been produced. (Pet. 2, ECF No. 1). Finally, Petitioner states that "the courts [sic] keeps switching my represented status from pro per/sui juris (as requested) to pro se without my consent." (Pet. 7, ECF No. 1). Petitioner seeks relief in the form of his

release as well as a "certified delegation of authority order to look into this matter." (Pet. 8, ECF No. 1).

## II. STANDARD FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243; see also See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).  Among other things, a petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See Rule 2(c) of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  "Federal

3

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025, 109 S.Ct. 1758, 104 L.Ed.2d 194 (1989).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

Here, the allegations of the Petition are impermissibly vague and fail to satisfy the pleading requirements of Habeas Rule 2(c). As set forth above, Petitioner does not indicate whether he is a pretrial detainee or a convicted prisoner, and instead he defines himself as "other." (Pet. 1, ECF No. 1). Therefore, it is unclear under which statute — 28 U.S.C. § 2241 or 28 U.S.C. § 2254 — the Petition is filed. It appears that Petitioner was arrested on certain charges on July 10, 2015; and

Petitioner then states that he "was told that [he] had a warrant for failure to appear yet no warrant has been produced, and the judge that abandoned court retired on July 31, 2015." (Id.). However, Petitioner does not specify the charges for which he was arrested, the charges that were abandoned, what court date he allegedly missed, or who the judge who abandoned the case was. Although it appears that Petitioner is being held on a warrant, it is unclear whether a criminal judgment has been entered against him.

Moreover, Petitioner does not explain how, or if, he has exhausted his state remedies. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state remedies); Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975) (explaining circumstances under which a district court may exercise jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court); Evans v. Court of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992) (holding that in order to be deemed exhausted, "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court.").

Because Petitioner does not specify the precise grounds for relief asserted in this Petition or the facts supporting each ground, the Petition is insufficient under Rule 2(c), rendering

5

the Petition subject to dismissal. See, e.g., Royal v. Rutherford Police, No. 11-4862, 2013 WL 310201, at *6 (D.N.J. Jan. 25, 2013).  This dismissal is without prejudice to Petitioner submitting an Amended Petition which comports with the Habeas Rules.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

6

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## V.    CONCLUSION

For the foregoing reasons, the Court finds that the Petition is impermissibly vague and, as such, the pleading is insufficient under Rule 2(c).  Therefore, the Court will dismiss the Petition without prejudice.  Petitioner will be granted leave to apply to reopen within 60 days by submitting an Amended Petition[1] which comports with the Habeas Rules.

An appropriate Order will follow.

```
                                   ___s/ Noel L. Hillman_____
                                   NOEL L. HILLMAN
                                   United States District Judge
```

Dated: December 30, 2015
At Camden, New Jersey

---

[1] An amended petition, like an amended complaint, supersedes the original and renders it of no legal effect, unless the amended document specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).